IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANICE ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>RENT RECOVER<br>OF BETTER NOI, LLC,<br><br>    Defendant. | Civil Action No.<br><br>_____<br><br>**Jury Demanded** |

# COMPLAINT FOR DAMAGES

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State, District, and Division and is authorized by law to bring this action.

4. Defendant Rent Recover of Better NOI, LLC is a limited liability company organized under the laws of Illinois [hereinafter referred to as "Rent Recover"].

5. Rent Recover is in the business of collecting residential rental debts primarily on behalf of multi-family apartment owners and managers.

6. Rent Recover conducts its business throughout the United States, including within Georgia in this District and Division.

7. Plaintiff files this action against Rent Recover for its conduct in attempting to collect an alleged debt from Plaintiff in this District and Division.

8. The alleged debt is claimed to have been incurred within this District and Division.

9. Rent Recover is subject to the jurisdiction and venue of this Court.

10. Rent Recover may be served process upon its registered agent in the State of Georgia, to wit: Corporation Service Company, 40 Technology Pkwy South, #300, Norcross, GA 30092.

11. Alternatively, Defendant may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the State of Georgia.

12. Other potential defendants may be discovered during the course of this litigation; accordingly, Plaintiff respectfully prays that the Court will permit the addition of such later discovered parties upon motion.

## FACTS COMMON TO ALL CAUSES

13. Rent Recover uses instrumentalities of interstate commerce in its business.

14. Rent Recover uses the mails in its business.

15. Rent Recover uses telephone communications in its business.

16. The principle purpose of Rent Recover's business is the collection of debts.

17. Rent Recover regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

18. Rent Recover is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

19. In 2015, Plaintiff signed a lease with Ventron Management as management company for the East Perimeter Pointe Apts in Decatur, Georgia.

20. Plaintiff's landlord was East Perimeter Pointe Apts ("Landlord").

21. On February 6, 2016, Landlord left a 3 Day Demand for Compliance or Possession at Plaintiff's apartment claiming $879.00 in rental arrearages and threatening that if not paid in full, then after the expiration of the three days that a dispossessory warrant would be filed.

22. On February 17, 2017, Landlord filed a dispossessory warrant against Plaintiff in the Magistrate Court of DeKalb County.

23. The dispossessory warrant sought to recover possession of the property, $667.00 in past due rent, rent accruing up to the date of judgment or vacancy at a rate of $666.00 per month, $135.00 late fee, $77.00 utilities, $124.00 court fees, and $76.00 in attorneys' fees for a total of $1,079.00.

24. Plaintiff was served by tack-and-mail on February 23, 2016.

25. On February 24, 2016, Plaintiff filed a timely answer to the dispossessory warrant.

26. After a hearing on the dispossessory with both parties present on March 3, 2016, a judgment was entered granting Landlord possession of the apartment, $1048.00 for rent accruing up to March 10, 2016, court costs, and interest at 6.25% per annum (the "Judgment").

27. The Landlord had the opportunity at the hearing to raise and litigate all money damages resulting from Plaintiff's rental of the apartment that the Landlord believed it was entitled to.

28. The money portion of the Judgment did not award the Landlord the $135.00 late fee, $77.00 utilities, $76.00 in attorneys' fees that it requested in the dispossessory action, or any early termination or other penalties or damages.

29. The amount owed to the Landlord had been established by the Judgment of the Magistrate Court of DeKalb County.

30. Plaintiff surrendered the apartment on March 15, 2016.

31. On January 12, 2017, Rent Recover sent Plaintiff a dunning letter seeking to collect $2,052.78, allegedly comprised of $1,991.00 in principal and $61.78 in interest naming the Landlord as the Original Creditor.

32. In response to a request for validation of the debt, Rent Recover sent another letter on January 18, 2017 claiming to validate the debt with an alleged Final Account Statement from Landlord and now seeking to collect $2,055.08 comprised of $1,991.00 in principal and $64.08 in interest.

33. The purported balance of both $2,052.78 and $2,055.08 includes amounts that are not legally due and owing from Plaintiff.

34. The purported principal balance of $1,991.00 as stated on the Final Account Statement and claimed by Rent Recover includes rent of $1,333.00, $76.00 Collection Administration Fee, $200.00 Late Charges, $70.00 Late Fee - Utility, $10.00 Pest Control Reimbursement, $14.00 Trash Utility Reimbursement, $130.00 Water Utility Reimbursement, and a $1,332.00 Insufficient Notice Penalty, a sum of $3,165.00; the sum set-off by the retention of Plaintiff's Deposit of $1,298.00.

35. The Landlord specifically sought in the dispossessory action $135.00 late fee, $77.00 utilities, $76.00 in attorneys' fees which the court declined to award the Landlord.

36. The Landlord could have but declined to ask the court for a liquidated Insufficient Notice Penalty of $1,332.00.

37. The Judgment awarded only $1,048.00 for rent, not $1,332.00.

38. Rent Recover sought a balance due without giving Plaintiff credit for a $350.00 payment made prior to her departure.

39. Though the Final Account Statement is inaccurate and fails to account for the findings in the Judgment, even that document included the $350.00 payment notating it as a "Variance" and reducing the Original balance from

$1,991.00 to an Edited balance of $1,641.00. Rent Recover ignored the Edited balance and sought the inflated Original balance.

40. Indeed, the Landlord owes Plaintiff a $476.00 refund inasmuch as the Plaintiff's deposit of $1,298.00, kept by the Landlord, coupled with the uncredited payment of $350.00, exceeds the $1,048.00 in money damages awarded the Landlord by the court.

41. No amount of interest was due on the Judgment as the Judgment was fully satisfied upon Plaintiff's departure from the apartment when the Landlord kept Plaintiff's deposit.

42. Rent Recover sought to collect interest not owed by Plaintiff.

43. Rent Recover fails to account for the $350.00 payment in the principal balance it was seeking to collect.

44. Rent Recover was seeking to collect a falsely inflated amount of indebtedness.

45. Plaintiff was not indebted to Rent Recover or Landlord, and in fact was owed money, when Rent Recover sought to collect a purported principal balance of $1,991.00 and any interest accruing therefrom.

46. Rent Recover wrongfully ignored the Magistrate Court of DeKalb County's ruling that established the amount of rent that was owing.

47. Any dispute as to the amount of rent or other fees or penalties Plaintiff owed to the Landlord is barred by *res judicata* because this has already been resolved by an order and judgment of the Magistrate Court of DeKalb County.

48. Plaintiff only owed the amount determined by the DeKalb Magistrate Court.

49. Plaintiff is not indebted and is actually owed a refund of $476.00 which consists of:

    $1048.00      Principal of Judgment

    $124.00       Cost of court

    ($1298.00)    Plaintiff's deposit

    ($350.00)     uncredited payment

50. Plaintiff has had to expend her personal time and effort to resolve this excessive claim and reclaim her own money.

51. Rent Recover's actions have caused Plaintiff to lose the use of funds, lose the use of personal time, emotional distress, anxiety, annoyance, and frustration.

52. In enacting the FDCPA, Congress determined as a matter of law that consumers had a right to be free from false representations concerning the

character, amount, or legal status of an alleged debt made by debt collectors, who often are in a position of superior knowledge concerning such matters.

53. In enacting the FDCPA, Congress determined as a matter of law that it was an unfair practice for debt collectors to collect, or attempt to collect, debts or amounts that were not authorized by agreement or by law causing consumers, often with inferior access to information, undue anxiety, embarrassment, frustration and potentially coercing unwitting consumers into paying debts and amounts not actually owed by them.

54. The FDCPA reflects a fundamental Federal policy of informing consumers of the nature and amounts of debts alleged to be owed by them and permitting consumers to control whether or not to engage with debt collectors based upon the information provided.

55. When debt collectors attempt to collect debts or amounts of debts not owed by the consumer, consumers are then placed in the precarious circumstance of facing negative, and often drastic, consequences such as negative reports to credit reporting agencies, interfering with attempts to secure suitable housing, potentially facing a debt collection lawsuit or paying for a debt not rightly owed by the consumer in the amount claimed.

56. The very purpose of requiring debt collectors to only attempt to collect amounts actually owed is to prevent consumers from being intimidated by a debt collector's claim that the consumer owes a debt or amount when the collector is in a position of superior knowledge and to prevent debt collectors from being able to collect debts and amounts not actually owed by the consumer.

57. In enacting the FDCPA, Congress determined as a matter of law that consumers had a legally protected right to be free from debt collectors communicating false credit information that the debt collector knew or should have known was false which can damage the consumer's reputation, employment, and access to credit.

58. Rent Recover should be aware of the FDCPA and its compliance obligations thereunder, and as such, the violations were done knowingly and intentionally and were not the product of accident or mistake.

59. Rent Recover's collection efforts on this account violate the Fair Debt Collection Practices Act.

60. Rent Recover's violations caused Plaintiff lost time, emotional distress, anxiety, annoyance, and frustration.

61. Rent Recover's violations caused Plaintiff to lose money as the alleged debt stems from a series of transactions in which Plaintiff has indeed overpaid.

62. Plaintiff has complied with all conditions precedent to bring this action.

## CLASS ACTION ALLEGATIONS

63. The class is defined as (i) all persons from whom Defendant attempted to collect an alleged obligation to pay money (ii) allegedly owed to the owner or management company of an apartment complex (iii) where the amount of the obligation was liquidated by a prior judgment and (iv) Defendant sought to collect an amount in excess of the amount owed on the judgment.

64. Defendant has attempted to collect numerous debts resulting from residential leases where the amount owed has been pre-determined by court proceedings.

65. The class is so numerous that joinder of all members is impractical.

66. There are more than 40 members in the class.

67. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.

68. The principal issues are:

    a. Whether Defendant is a debt collector.

b. Whether Defendant's attempts to collect debts inflated an amount previously determined by court proceedings violates the FDCPA.

69. The claims of Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

70. Plaintiff will fairly and adequately protect the interests of the class.

71. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions.

72. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

73. Certification of the class under Rule 23(b)(3) of the Fed. R. Civ. P. is appropriate in that:

  a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

  b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

74. Plaintiff requests certification of a class pursuant to Rule 23(b)(3) for monetary damages.

## CAUSES OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

75. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

76. The Defendant's violations of the FDCPA include without limitation, the following:

77. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e & e(10);

78. The false representation of the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

79. Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, in violation of 15 U.S.C. § 1692e(8); and

80. The attempt to collect an amount which was not owed, in violation of 15 U.S.C. § 1692f(1).

81. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory and actual damages, as well as an award of costs and attorney fees.

## JURY TRIAL DEMAND

82. Plaintiff demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

83. Plaintiff hereby demands that the Defendant take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, Plaintiff, or the making of telephone calls, the events described herein, any third party associated with any telephone call, account, sale, or file associated with Plaintiff, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party who has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF AND THE CLASS, AS FOLLOWS:

a) Certification of this matter to proceed as a class action;

b) That Plaintiff and the class be awarded statutory and actual damages;

c) That Plaintiff and the class be awarded the expenses of litigation including a reasonable attorney fee; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

SKAAR & FEAGLE, LLP

By: _____
Cliff R. Dorsen
Georgia Bar No. 149254
cdorsen@skaarandfeagle.com
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
2374 Main Street, Suite B
Tucker, GA 30084
Telephone: (404) 373-1970
Facsimile: (404) 601-1855

Kris Skaar
Georgia Bar No. 649610

kskaar@skaarandfeagle.com
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
133 Mirramont Lake Drive
Woodstock, GA 30189
Telephone: (770) 427-5600
Facsimile: (404) 601-1855

*Attorneys for Plaintiff*

16